615 F.2d 685
 UNITED STATES of America, Plaintiff-Appellee,
v.
Scott Paul BUTLER, Michael Thomas Smith, a/k/a Thomas M.
Smith, Garrison Dominy Barnes, Thomas Richard Wingate,
Robert Raymond Barnes, William Arthur Hiscock, John Richard
Barnes, Jr., George Gary Holder, Robert Tyler Milne, Hugh
Thomas McConaghy, Joseph Henry Cusanelli, a/k/a William
Joseph, and Frederick John Fazio, Defendants-Appellants.
 No. 78-5777.
 United States Court of Appeals,
Fifth Circuit.
 April 18, 1980.
 
 James K. Jenkins, Atlanta, Ga., for Butler.
 Steadman S. Stahl, Jr., Hollywood, Fla., for all others.
 Kathrine L. Henry, William H. McAbee, Asst. U. S. Attys., Savannah, Ga., for plaintiff-appellee.
 Appeals from the United States District Court for the Southern District of Georgia.
 ON PETITIONS FOR REHEARING AND PETITION FOR REHEARING EN BANC
 (Opinion February 14, 1980, 5 Cir., 1980, 611 F.2d 1066).
 Before THORNBERRY, CHARLES CLARK and KRAVITCH, Circuit Judges.
 PER CURIAM:
 
 
 1
 The only contention made by appellants in their Petitions for Rehearing and Rehearing En Banc which merits discussion is Scott Paul Butler's argument that the panel erred in stating that he was arrested on the shrimp boat. He asserts that because he was not arrested on the boat that there is insufficient evidence to sustain his conviction. We must disagree. Although at the time of the arrest Butler was at the end of the dock by the shrimp boat rather than on the boat (as stated in the opinion), his personal belongings, including a prescription drug bottle, were found on the boat. That connects him to the instrumentality which the jury could well infer brought the marijuana to the Plantation, thus giving him sufficient connections to the conspiring group to sustain his conspiracy conviction, and sufficient relationship to the marijuana to sustain his conviction for aiding and abetting the possession of marijuana. Moreover, the fact that he was dressed differently from several of the other conspirators (he was wearing a white shirt and overalls) does not lessen his connection to the shrimp boat.
 
 
 2
 We also wish to clarify a statement made in the opinion in this case. In discussing the appellant's jury challenges, we stated: "Like the Maskeny (United States v. Maskeny, 609 F.2d 183 (5th Cir. 1980)) court, we decline to abandon the absolute disparity method for dealing with jury challenges." Butler, at 1070. We did not wish to imply that the absolute disparity method is the sole means of establishing unlawful jury discrimination. However, given the small absolute disparities proven and the fact that a "less-than-10% minority" was not at issue, we did not feel consideration of other statistical methods was necessary in this case.
 
 
 3
 The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the Petition for Rehearing En Banc is DENIED.